

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,813-01

### EX PARTE MICHAEL KEITH LUERA, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A-13,435-A IN THE 173RD DISTRICT COURT
### FROM HENDERSON COUNTY

*Per curiam*. YEARY, J. filed a concurring opinion, which SLAUGHTER, J. joined.

### O R D E R

Applicant was convicted of indecency with a child - sexual contact and sentenced to four years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Luera v. State*, No. 12-09-00101-CR (Tex. App. —Tyler, Feb. 26, 2010). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he has new evidence of his actual innocence, based on a recantation from the complainant, and that his plea was involuntary because he was not admonished regarding his lifetime requirement to register as a sex offender. We believe that in recantation cases such as this one, before we make the important decision of whether Applicant is entitled to relief, the record

should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which the complainant shall be called to testify. Notice of the hearing and an opportunity to testify shall be given to those persons who participated in the trial or the investigation.

The trial court shall make findings as to the credibility of the complaining witness' recantation. The court shall make further findings of fact regarding the circumstances surrounding the complainant's recantation, including the delay between the trial and the recantation. The trial court shall make findings as to whether Applicant could have presented the information contained in the recanting witness' affidavit prior to his guilty plea. The trial court shall specifically weigh the evidence of Applicant's guilt against the new evidence of innocence. *See Ex parte Tuley*, 109 S.W.3d 388, 393 (Tex. Crim. App. 2002). The trial court shall enter findings of fact as to the credibility of each witness and as to whether Applicant is entitled to relief. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

It appears that Applicant is not represented by habeas counsel. The trial court, within 30 days of the date of this order, shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the evidentiary hearing. TEX. CODE CRIM. PROC. art. 26.04.

This application will be held in abeyance until the trial court has resolved the fact issues. The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions,

objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   June 8, 2022
Do not publish